UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROUSSEL HYPPOLITE,<br>    Plaintiff, | :<br>:<br>: |
| v. | : Case No. 3:07cv729 (JBA) |
| ETHAN ENZER, ET AL.,<br>    Defendants. | :<br>:<br>: |

**ORDER MEMORIALIZING BENCH RULING**
**GRANTING PETITION FOR WRIT OF HABEAS CORPUS [DOC. # 1]**

Roussel Hyppolite filed a Petition for Writ of Habeas Corpus [Doc. #1] (the "Petition") on May 8, 2007 challenging his prolonged no-bond detention without opportunity for individualized bond hearing, and moved for expedited consideration of his Petition pursuant to 28 U.S.C. § 2243 [Doc. # 2]. After respondents filed their Response to the Order to Show Cause [Doc. # 7], the Court conducted telephonic proceedings with counsel on the record on June 14, 2007, at which time the Court scheduled an individualized bond hearing for petitioner, which an immigration judge had twice previously denied, for June 19, 2007 at 3:00 p.m. However, on June 18, 2007, counsel requested additional telephonic proceedings.

On June 18, 2007 at approximately 3:30 p.m., at both parties' request, further telephonic proceedings were conducted on the record. At that time, respondents' counsel, while not opposing the bond hearing, advised that respondents did not intend to introduce any evidence at the bond hearing.

1

Petitioner's counsel requested therefore that the Court rule on the pleadings in light of this development. Inasmuch as plaintiff's factual record was undisputed and in light of Lopez v. Gonzales, 127 S. Ct. 625 (2006), and petitioner's resulting eligibility for cancellation of deportation, and his lengthy detention, the Court thereupon granted his petition for writ of habeas corpus as follows:

    In order for 8 U.S.C. § 1226(c) to comport with the requirements of the Due Process Clause of the Fifth Amendment, its provisions for pre-removal no-bond detention without individualized bond hearing must be construed as limited to detention for a reasonable time period, including consideration of the length of petitioner's detention to date and the likelihood of petitioner actually being removed.

    In petitioner's case, the Court finds that his no-bond detention for more than fifteen months, combined with the increased likelihood that he will be granted cancellation of removal since Lopez, under which he was not convicted of an "aggravated felony" under 8 U.S.C. § 1227(a)(2)(B)(i) for his drug possession conviction, compel the conclusion that he is entitled to the individualized bond hearing his petition seeks. While petitioner is not certain to receive the relief of cancellation of removal which he seeks before the Executive Office of Immigration Review, he appears reasonably likely to

receive such relief in light of the equities evidenced in the undisputed documents presented to this Court. Given the lengthy period petitioner has already been detained and the reasonable likelihood that petitioner will not actually be ordered removed, and in consideration of the parties' agreement to submit the issue of release on bond on the pleadings and documents submitted, the record is sufficient for the Court to fix bond in petitioner's case.

Based on this record, the Court finds, and respondents do not dispute, that petitioner is not a flight risk and is not a danger to the community if released pending completion of his deportation proceedings. Upon release, petitioner appears to have specific employment available to him and will reside with his mother, and accordingly will be released on his own recognizance.

The Court requires, as a condition of petitioner's release on recognizance, that petitioner:

(1) Remain employed and law abiding, refraining from violating any municipal, state, or federal law, specifically including any law, ordinance, or regulation prohibiting conduct constituting domestic violence; and

(2) Attend any and all further proceedings before the Executive Office of Immigration Review or Board of

3

Immigration Appeals which those bodies may require him to attend.

**IT IS THEREFORE ORDERED** that respondents shall forthwith release petitioner from custody, and that petitioner shall comply with the conditions of his release set forth herein.

IT IS SO ORDERED.

/s/
_____
JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 19th day of June, 2007.**